956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
Norman SHY, et al., Defendants-Appellees.
 No. 90-2003.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 1
 Before KEITH and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 David A. Kersh, a pro se Michigan citizen, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Kersh sued the defendants, alleging that they violated his federal civil rights and committed various state torts. The substance of Kersh's claims arose out of different state court litigation. Following a lengthy and active pre-trial period, the district court granted summary judgment for the defendants and dismissed the case. Kersh appealed this order. On appeal, this court affirmed the district court's judgment in all respects. The court further determined that Kersh's appeal was frivolous and vexatious and therefore assessed sanctions against Kersh.
 
 
 4
 Kersh subsequently returned to district court and filed a motion to set aside judgment pursuant to Fed.R.Civ.P. 60(b). The district court determined that Kersh's motion was completely meritless and was designed solely for the purpose of harassing the defendants. Consequently, the court denied the motion, sanctioned Kersh in the amount of $1000, and prohibited him from filing any further pleadings in the action. Kersh has filed a timely appeal from this order. In their brief on appeal, the appellees have requested the imposition of further sanctions against Kersh.
 
 
 5
 Upon review, we affirm the district court's judgment. This court's prior decision in this matter is the law of the case and, therefore, Kersh must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice to justify reconsideration of that order. See Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988). Kersh has failed to make this showing.
 
 
 6
 On appeal, the appellees request that sanctions be assessed against Kersh. As we believe that Kersh's appeal is entirely frivolous, unreasonable and without foundation, we grant the appellees their reasonable attorney fees and double costs pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 7
 The appellees also request that this court enjoin Kersh from filing any further pleadings in this matter. As the district court has already taken this step, we believe it is unnecessary for this court to take any additional action at this time.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. Reasonable attorney fees and double costs are hereby awarded to the government pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. An itemized and verified bill for the costs and attorney fees may be filed with the clerk of this court with proof of service, within fourteen days after the entry of this order.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation